DECISION AND JUDGMENT ENTRY
Pursuant to the authority of 6th Dist.Loc.App.R. 12(C), this court suasponte places this case on the accelerated docket. Following a jury trial in the Lucas County Court of Common Pleas, on November 3, 1999, appellant, Hezekiah Miller, was found guilty of the offense of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree. This is an appeal from the judgment entry of sentencing wherein the trial court sentenced appellant to three years in prison and ordered him to pay restitution, all costs of prosecution and court-appointed counsel costs. For the reasons that follow, we reverse the decision of the trial court.
In his first assignment of error, appellant argues that the trial court erred in sentencing appellant to pay "any restitution" when the court did not specify the amount of restitution or have any evidentiary basis for calculating the amount. Because the amount of restitution to be paid has not yet been determined, on the basis of State v. Lindala (June 29, 1990), Huron App. No. H-89-33, unreported, we find that the matter is not final and appealable.
Appellant argues in his second assignment of error that the trial court erred in ordering appellant to pay court-appointed counsel fees without first making a finding as to appellant's ability to pay. Upon a review of the record, we find that the trial court failed to make the necessary findings, as required by R.C. 2941.51(D). Accordingly, we find appellant's second assignment of error well-taken on the basis of Statev. Brown (Nov. 19, 1999), Lucas App. No. L-97-1332, unreported.
In his third assignment of error, appellant argues that the trial court erred at sentencing when it failed to notify appellant, pursuant to R.C.2929.19(B)(3)(b), (c), and (e), that he is subject to the "bad time" provisions and post-release control. Upon review of the record, we find that the trial court failed to notify appellant as required by R.C.2929.19(B). Accordingly, appellant's third assignment of error is found well-taken on the basis of Brown, supra.
In his fourth assignment of error, appellant argues that he was provided ineffective assistance of counsel at sentencing when his attorney failed to object to the errors of the trial court as set forth in his first three assignments of error. Based upon our rulings in appellant's second and third assignments of error, we find appellant's claim of ineffective assistance of counsel to be moot. See Brown, supra. Accordingly, appellant's fourth assignment of error is not well-taken.
On consideration whereof, we find that appellant was prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is reversed as to the order to pay court-appointed counsel fees. We further find that the sentence imposed by the trial court in this case is vacated, and this case is remanded for resentencing in accordance with the requirements of R.C. 2929.19. Appellee is ordered to pay the court costs of this appeal.
 _______________________________________ Richard W. Knepper, P.J.
 James R. Sherck, J., Mark L. Pietrykowski, J., JUDGES CONCUR.